Douglas F. Foley, WSBA #13119
E-mail: doug.foley@dougfoleylaw.com
DOUGLAS FOLEY & ASSOCIATES, PLLC
13115 N.E. 4th Street, Suite 260
Vancouver, Washington  98684
Telephone: 360.883.0636
Facsimile: 360.944.6808
*Attorneys for Plaintiffs Allstate Property and Casualty Insurance Company and Allstate Indemnity Company*

THE HON. RICARDO S. MARTINEZ

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| Allstate Property and Casualty Insurance Company, an Illinois Corp., and Allstate Indemnity Company, an Illinois Corp.,<br><br>     Plaintiff,<br><br> v.<br><br>Jeffrey Bell, a married man,<br><br>     Defendants. | Civil No. 2:16-cv-00844-RSM<br><br>PLAINTIFFS' SECOND AMENDED COMPLAINT FOR DECLARATORY JUDGMENT<br><br>JURY TRIAL DEMANDED |

Plaintiff, Allstate Property and Casualty Insurance Company and Allstate Indemnity Company (hereinafter "Allstate"), by and through its attorneys, Douglas F. Foley of Douglas Foley & Associates, PLLC, alleges as follows:

### I. PARTIES AND JURISDICTION

1. This action for Declaratory Judgment is one in which the United States District Court is given original jurisdiction by reason of diversity of citizenship and the requisite amount in controversy exceeds $75,000 pursuant to Title 28, U.S.C. §1332.

2. Allstate Indemnity Company and Allstate Property and Casualty Insurance Company ("Allstate") are Illinois corporations authorized to transact the business of insurance in the State of Washington, whose principle place of business is in the State of Illinois, and are deemed citizens of Illinois for diversity jurisdiction.

3. Defendant Jeffrey Bell ("Bell') is a resident of the State of Washington residing in King County, WA and is a citizen of Washington State.

4. Allstate issued Bell a Homeowners and Personal Umbrella insurance contract providing certain coverages subject to the terms, definitions, exclusions, limitations, and conditions contained in the insurance contract.

## II.  UNDERLYING ARBITRATION PROCEEDING

5. Bell entered into an employment agreement with ▮▮▮▮ in which he agreed to enter into binding arbitration on any dispute or claim. ▮▮▮▮ filed a demand for arbitration against Bell. This arbitration demand was amended, and the pertinent allegations of the Second Amended Notice of Claims filed by ▮▮▮▮ against Bell are set forth below:

### CLAIM AND RELIEF SOUGHT BY CLAIMANT

Claimant asserts claims against Jeffrey Bell for: (a) Right of contribution – Indemnity, pursuant to RCW 4.22, *et seq.*; (b) Common law indemnity based in tort – *see Sabey v. Howard Johnson & Co.*, 101 Wash. App. 575; 5 P.3d 730 (2000); (c) Common law indemnity based in contract – *see Kilgore v. Shriners Hospitals for Children*, 190 Wash. App. 429; 360 P.3d 55 (2015); (d) Tortious interference with contract; and (e) Tortious interference with business expectancy.



6. ▓▓▓▓▓ filed an Amended Notice of Claims against ▓▓▓▓▓. ▓▓▓▓▓ joined Bell into the arbitration proceeding for contribution/indemnity as set forth in the preceding paragraph.

### III. INSURANCE POLICY PROVISIONS

7. The Allstate Homeowners policy for Jeffrey Bell is attached as Exhibit 1. The Personal Umbrella Policy is attached as Exhibit 2. The terms of these policies are incorporated by reference. The Homeowners policy provides the following relevant coverages, terms, definitions, and exclusions as follows:

> "**Definitions Used In This Policy**
> Throughout this policy, when the following words appear in bold type, they are defined as follows:
> 1. **Bodily injury** means physical harm to the body, including sickness or disease, and resulting death, except that **bodily injury** does not include:
>    a) any venereal disease;
>    b) Herpes;
>    c) Acquired Immune Deficiency Syndrome (AIDS);
>    d) AIDS Related Complex (ARC);
>    e) Human Immunodeficiency Virus (HIV);
>
> or any resulting symptom, effect, condition, disease or illness related to a) through e) listed above.
>
> In addition, **bodily injury** does not include any symptom, effect, condition, disease or illness resulting in any manner from:
>    a) lead in any form;
>    b) asbestos in any form;
>    c) radon in any form; or
>    d) oil, fuel oil, kerosene, liquid propane or gasoline intended for, or from, a storage tank located at the **residence premises**.
>
> \*\*\*
>
> 3. **Business** means:
>    a) any full-or part-time activity of any kind engaged

in for monetary or other compensation or the use of any part of any premises for such purposes. The providing of home day care services to other than an **insured person** or relative of an **insured person** for monetary or other compensation is also a **business**.

However, the mutual exchange of home day care services is not considered a business;

    b) the rental or holding for rental of property by an **insured person**. Rental of **your residence premises** is not considered a **business** when:
        1) it is rented occasionally for residential purposes;
        2) a portion is rented to roomers or boarders, provided not more than two roomers or boarders reside on the **residence premises** at any one time; or
        3) a portion is rented as a private garage.

\*\*\*

6. **Insured person(s)** – means **you** and, if a resident of **your** household:
    a) any relative; and
    b) any person under the age of 21 in **your** care.


7. **Insured premises** means:
    a) the **residence premises**; and
    b) under **Section II** only:
        1) the part of any other premises, other structures and grounds used by **you** as a residence. This includes premises, structures and grounds **you** acquire for **your** use as a private residence while this policy is in effect;
        2) any part of a premises not owned by an **insured person** but where an **insured person** is temporarily living;
        3) cemetery plots or burial vaults owned by an **insured person**;
        4) land owned by or rented to an **insured person** where a single family dwelling is being built as that person's residence;
        5) any premises used by an **insured person** in connection with the **residence premises**;
        6) any part of a premises occasionally rented

to an **insured person** for other than **business** purposes.

8.  **Occurrence** – means an accident, including continuous or repeated exposure to substantially the same general harmful conditions during the policy period, resulting in **bodily injury** or **property damage**.

9.  **Property damage** – means physical injury to or destruction of tangible property, including loss of its use resulting from such physical injury or destruction.

\*\*\*

13. **We**, **us** or **our** means the company named on the Policy Declarations.

14. **You** or **your** means the person listed under Named Insured(s)on the Policy Declarations as the insured and that person's resident spouse.

\*\*\*

*Insuring Agreement*
In reliance on the information **you** have given **us**, **we** agree to provide the coverages indicated on the Policy Declarations. In return, **you** must pay the premium when due and comply with the policy terms and conditions, and inform **us** of any change in title, use or occupancy of the **residence premises**.

Subject to the terms of this policy, the Policy Declarations shows the location of the **residence premises**, applicable coverages, limits of liability and premiums. The policy applies only to losses or **occurrences** that take place during the policy period.  The Policy Period is shown on the Policy Declarations. This policy is not complete without the Policy Declarations.

This policy imposes joint obligations on the Named Insured(s) listed on the Policy Declarations as the insured and on that person's resident spouse. These persons are defined as **you** or **your**. This means that the responsibilities, acts and omissions of a person defined as **you** or **your** will be binding upon any other person defined as **you** or **your**. This policy imposes joint obligations on persons defined as an **insured person**. This means that the responsibilities, acts and failures to act of a person defined as an **insured person** will be binding upon

Page 5 –   SECOND AMENDED COMPLAINT FOR DECLARATORY JUDGMENT

**Douglas Foley & Associates, PLLC**
13115 NE 4th Street, Suite 260
Vancouver, WA 98684
Telephone: 360.883.0636

another person defined as an **insured person**.

## COVERAGE X
## FAMILY LIABILITY PROTECTION

**Losses We Cover Under Coverage X:**
Subject to the terms, conditions and limitation of this policy, **we** will pay damages which an **insured person** becomes legally obligated to pay because of **bodily injury** or **property damage** arising from an **occurrence** to which this policy applies and is covered by this part of the policy.

**We** may investigate or settle any claim or suit for covered damages against an **insured person**. If an **insured person** is sued for these damages, **we** will provide a defense with counsel of **our** choice, even if the allegations are groundless, false or fraudulent. **We** are not obligated to pay any claim or judgment after **we** have exhausted **our** limit of liability.

\*\*\*

*Losses We Do Not Cover Under Coverage X and Coverage Y*

A. *Losses We Do Not Cover Under Coverage X:*

1. **We** do not cover **bodily injury** to an **insured person** or **property damage** to property owned by an **insured person** whenever any benefit of this coverage would accrue directly or indirectly to an **insured person**.

\*\*\*

4. **We** do not cover any liability an **insured person** assumes arising out of any contract or agreement.

\*\*\*

C. **Losses We Do Not Cover Under Coverage X and Coverage Y:**
Coverage under **Coverage X – Family Liability Protection** will be excluded for **bodily injury** and **property damage** and coverage under **Coverage Y – Guest Medical Protection** will be excluded for bodily injury as follows:

1. **We** do not cover any **bodily injury** or **property damage**

intended by, or which may reasonably be expected to result from the intentional or criminal acts or omissions of, any **insured person**.  This exclusion applies even if:

    a)    such **bodily injury** or **property damage** is of a different kind or degree than intended or reasonably expected; or

    b)    such **bodily injury** or **property damage** is sustained by a different person than intended or reasonably expected.

\*\*\*

9.    **We** do not cover **bodily injury** or **property damage** arising out of the rendering of, or failure to render, professional services by an **insured person**.

10.    **We** do not cover **bodily injury** or **property damage** arising out of the past or present business activities of an **insured person**. We do cover the occasional or part-time business activities of an **insured person** who is a student under 21 years of age who is self-employed and has no employees.

\*\*\*"

The Allstate Indemnity Company Personal Umbrella Policy provides, in pertinent part:

"**General Provisions**

*Definitions Used In This Policy*
1.    **Bodily injury** means:
    a)    physical harm to the body, including sickness, disease, disability or death resulting from physical harm to the body;
    b)    shock, mental anguish or mental injury.

**Bodily injury** does not include:
a)    any harm resulting from:
    i)    false arrest; false imprisonment; wrongful detention;
    ii)    wrongful entry; invasion of rights of occupancy; or
    iii)    libel; slander; humiliation; defamation of character; invasion of rights of privacy.
b)    any symptom, effect, condition, disease or illness resulting in any manner from:
    i)    lead in any form;

   ii) asbestos in any form;
   iii) radon in any form; or
   iv) oil, fuel oil, kerosene, liquid propane or gasoline intended for, or from, a storage tank located at any residence premises owned by an **insured person**.
 c) i) any venereal disease;
   ii) Herpes;
   iii) Acquired Immune Deficiency Syndrome (AIDS);
   iv) AIDS related complex (ARC); or
   v) Human Immunodeficiency Virus (HIV);

 or any related or resulting symptom, effect, condition, disease or illness related to c) i) through v) above.

2. **Business** means:
 a) any full or part time activity of any kind:
  1) arising out of or relating to an occupation, trade or profession of an **insured person**; and
  2) engaged in by an **insured person** for economic gain, including the use of any part of any premises for such purposes.  The providing of home day care services to other than an **insured person** or relative of an **insured person** for economic gain is a **business**.
 b) the rental or holding for rental of any property by an **insured person**.

**Business** does not include:
a) volunteer civic service which an **insured person** performs without pay for a **business** which was formed and functions as a not for profit organization and which is not a function of the **insured person's** occupation, profession or trade.
b) the occasional rental or holding for rental of **your** primary residence premises for residential purposes;
c) the rental or holding for rental of a portion of **your** primary residence premises to not more than two roomers or boarders;
d) the occasional or part time **business** activities of an **insured person** who is under 21 years of age;
e) an **insured person's** occupancy of an office, private school or studio located on the primary residence premises; or
f) the mutual exchange of home day care services.

3. **Business** property means any property on which a **business** is conducted.

4. **Insured person** means:
 a) **you**, and any other person who is named on the Policy Declarations;
 b) any person relate d to **you** by blood, marriage or adoption who is a resident of **your** household; or
 c) any dependent person in **your** care, if that person

is a resident of **your** household.

However, persons defined in 4 b) who are over the age of 25 are not **insured person**s for any **occurrence** arising out of the ownership, maintenance or use of any motor vehicle owned by them.

5.   **Occurrence** means an accident during the policy period, including continued and repeated exposure to substantially the same general harmful conditions during the policy period, resulting in **bodily injury**, **personal injury** or **property damage**.

6.   **Personal injury** means harm resulting from:
   a)   false arrest; false imprisonment; wrongful detention;
   b)   wrongful entry; invasion of rights of occupancy;
   c)   libel; slander; humiliation; defamation of character; invasion of rights of privacy.

   Fines and penalties imposed by law are not included.

7.   **Property damage** means physical harm to or destruction of tangible property, including loss of its use resulting from such physical harm or destruction.

8.   **Retained limit** means the amount of damages an **insured person** must assume and pay for any **occurrence** if:
   a)   no underlying insurance is required; and
   b)   no other insurance applies to the **occurrence**.

9.   **We**, **us** or **our** means the company named on the Policy Declarations.

10.   **You** or **your** means the policyholder named on the Policy Declarations and:
   a)   that person's resident spouse; or
   b)   if a resident of the same household, a party who has entered into a domestic partnership or civil union, as recognized by the state in which this policy was issued, with the policyholder named on the Policy Declarations.

\*\*\*

**Insuring Agreement**
In reliance on the information **you** have given **us**, **we** agree to provide the coverages indicated on the Policy Declarations. In return, **you** must pay the premium when due and comply with all policy terms and conditions. This includes maintaining all Required Underlying Insurance.

The terms of this policy impose joint obligations on persons

defined as **insured persons.** This means that the responsibilities, acts and failures to act of a person defined as an **insured person** will be binding upon another person defined as an **insured person**.

This policy provides only excess insurance. It does not contribute with any Required Underlying Insurance or other insurance which applies to an **occurrence**. It also is excess to any retained limit an **insured person** assumes.

**When And Where The Policy Applies**
This policy applies to an **occurrence** anywhere in the world that takes place during the policy period. The Policy Declarations show the policy period. This policy is not complete without the Policy Declarations.

\*\*\*

**Required Underlying Insurance**
**You** must maintain the Required Underlying Insurance policy. **You** must maintain the Required Underlying Insurance at or above the limits as shown on the Policy Declarations "Required Underlying Limit" at all times for each liability exposure any **insured person** has. If **you** fail to maintain the Required Underlying Insurance policy applicable to the **occurrence**, there will be no coverage for any **insured person** under this policy until the damages exceed the Required Underlying Insurance limit for that exposure. If the underlying insurance applicable to the **occurrence** does not provide at least the limits required under this section of this policy, **you** will be responsible for the damages up to the Required Underlying Insurance amounts.

If **you** maintain limits equal to or greater than the Required Underlying Insurance limits, this policy will apply as excess above the actual limits **you** maintain. If any of **your** underlying coverage limits are used up, reduced, or canceled:
1. **you** must try to replace the coverage; and
2. **you** must notify us immediately.

\*\*\*

*Excess Liability Insurance – Bodily Injury and Property Damage*
*Coverage XL*

*Section 1*
Under Section 1 of this policy, **we** will pay damages which an **insured person** becomes legally obligated to pay because of **bodily injury** or **property damage** arising out of an **occurrence** that is both a loss **we** cover under **Excess Liability Insurance Bodily Injury and Property Damage Section 1** of this policy and a covered loss under **your** Required Underlying

Insurance policy.

**We** will not pay any punitive or exemplary damages, fines and penalties.

This section does not apply to any **occurrence** that is covered under **Excess Liability Insurance – Personal Injury**.

*Losses We Cover Under Excess Liability Insurance - Bodily Injury and Property Damage – Section 1*
**We** will cover an **occurrence** arising only out of:
1.     Personal activities of an **insured person**.

2.     A volunteer civic service which an **insured person** performs without pay, for a not for profit corporation and which is not a function of that person's **business**.

       Payment or reimbursement for reasonable expenses actually incurred by the **insured person** in connection with the volunteer civic service is not considered pay.

3.     The duties of **your** domestic employees who are not subject to Workers Compensation Laws.

*Amounts We Pay- Section 1*
**We** will pay only that amount of damages which exceeds the sum of:
1.     the limits specified in this policy for the Required Underlying Insurance under which the **occurrence** is a covered loss; plus
2.     the limits of any and all other liability insurance available to an **insured person** which apply to the **occurrence**.

However, in no event shall **we** pay any amount above **our** limit of liability.  **We** will not pay the difference between the limits specified in this policy as Required Underlying Insurance and any lower limits actually in effect.

*Section 2*
Under Section 2 of this policy, **we** will pay damages which an **insured person** becomes legally obligated to pay because of **bodily injury** or **property damage** arising only out of:
1.     a covered **occurrence** for which Required Underlying Insurance is not required by this policy; or

2.     a covered **occurrence** for which **you** are required by this policy to maintain Required Underlying Insurance but there is no Required Underlying Insurance in effect at the time of the **occurrence** .

**We** will not pay any punitive or exemplary damages, fines and penalties.

***Losses We Cover Under Excess Liability Insurance – Bodily Injury and Property damage – Section 2***
**We** will cover an **occurrence** arising only out of:
1.      Personal activities of an **insured person**.

2.      A volunteer civic service which an **insured person** performs without pay, for a not for profit corporation and which is not a function of that person's **business**.

        Payment or reimbursement for reasonable expenses actually incurred by the **insured person** in connection with the volunteer civic service is not considered pay.

3.      The duties of **your** employees who are not subject to Workers Compensation Laws.

***Amounts We Pay – Section 2***
**We** will pay only that amount of damages which exceeds the sum of:
1.      the limits specified in this policy's Policy Declarations for Required Underlying Insurance required by this policy for the **occurrence** even though such Required Underlying Insurance was not in effect at the time of the **occurrence**; plus

2.      the limits of any and all other liability insurance available to an **insured person** which apply to the **occurrence**.

However, if no other insurance is required or no other insurance applies to the **occurrence**, **we** will pay only those amounts which exceed the retained limit, up to the applicable limit of liability shown on the Policy Declarations.

In no event shall **we** pay any amount above **our** limit of liability.

***Exclusions- Losses We Do Not Cover Under Excess Liability Insurance – Bodily Injury and Property damage – Section 2***
**Excess Liability Insurance – Bodily Injury and Property Damage – Section 2** will not apply:
1.      To any **occurrence** covered under **Excess Liability Insurance – Bodily Injury and Property damage – Section 1** or under **Excess Liability Insurance – Personal injury** .

2.      To any **occurrence** arising out of any act or failure to act by any person in performing functions of that person's **business**.

3.      To any **occurrence** arising out of a **business** or **business** property.

4.      To any bodily injury or **property damage** sustained by any person as a result of an **occurrence** directly or indirectly related to the employment of this person by any **insured**

**person**.

\*\*\*

9.   When an **insured person** or that person's insurers may be held liable under any of the following laws:
      a)   workers compensation;
      b)   occupational disease;
      c)   unemployment compensation;
      d)   disability benefits; or
      e)   any other similar law.

\*\*\*

11.   To **bodily injury** to:
      a)   any employee, other than a domestic employee who is not subject to workers compensation laws; or
      b)   any person arising out of corporal punishment administered by or at the direction of an **insured person**.

\*\*\*

13. To **bodily injury** or **property damage** intended by, or which may reasonably be expected to result from the intentional or criminal acts or omissions of, any **insured person**. This includes any bodily injury or **property damage** arising out of a violation of a penal law or ordinance committed by or with the consent or knowledge of an **insured person**. This exclusion applies even if:
a)   such **bodily injury** or **property damage** is of a different kind or degree than that intended or reasonably expected; or
b)   such **bodily injury** or **property damage** is sustained by a different person than intended or reasonably expected.

\*\*\*

*Section 3 – Common Provisions*

*Limit Of Liability*
**Our** total liability under **Excess Liability Insurance – Bodily Injury and Property Damage** for damages arising out of one **occurrence** will not exceed the "each occurrence" limit shown on the Policy Declarations, regardless of the number of:
1.   **insured person**s;
2.   claims;
3.   claimants;
4.   injured persons; or
5.   policies involved.

The "Annual Aggregate Limit" for **Excess Liability Insurance – Bodily Injury and Property damage** shown on the Policy Declarations is the most **we** will pay for all damages resulting

from all **occurrences** that occur during the policy period regardless of when the amounts were paid.

There will be no duplication of payments made under **Excess Liability Insurance – Bodily Injury and Property damage Section 1** and **Excess Liability Insurance – Bodily Injury and Property damage Section 2** of this policy.

*When We Pay*
**We** will not begin to make payment for any damages resulting from an **occurrence** covered by this policy until **our** liability has been determined by:
1. agreement between the claimant and us; or
2. a final judgment against an **insured person**.

Claim for payment must be made within 12 months after determination of **our** liability. If additional claims are filed due to the same **occurrence**, payment will be made within 30 days after the **insured person** gives us proper proof.

*Defense We Will Provide*
**We** will defend an **insured person** sued as the result of an **occurrence** covered by this policy. **We** will not defend any **insured person** against any claim for punitive or exemplary damages.

When defense is provided by the insurer providing the Required Underlying Insurance or any other liability insurance, **we** maintain the right to join in the defense of any claim or suit which may require us to pay.

If the **insured person** fails to maintain the Required Underlying Insurance, **we** will not defend any **insured person** for any amount of damages falling within the Required Underlying Insurance limits.

**We** may be prevented from defending an **insured person**, in any country, due to laws or for other reasons. In that event, **we** will pay any expense incurred, with **our** written consent, for the **insured person**'s defense.

**We** may investigate and settle any claim or suit as **we** consider appropriate.

*Additional Payments We Will Make*
In defending an **insured person**, **we** will pay the following regardless of **our** limits of liability:
1. Premiums on appeal bonds and on bonds to release attachments. **We** have no obligation to apply for or furnish these bonds.

2. Court costs for defense.

3. Interest accruing on damages awarded. **We** will pay this interest only until **we** have paid, tendered or deposited in court the amount of damages for which **we** are liable under this policy. **We** will only pay interest on the amount of damages for which **we** are liable under this policy, not exceeding **our** limits of liability.

**We** will repay an **insured person** for all reasonable expenses incurred at **our** request, arising from an **occurrence we** cover. This includes payment for actual loss of wages. **We** are not obligated to repay any expenses incurred by an **insured person** if the **insured person** takes any action or makes any payments other than for covered expenses. **Our** payment for lost wages will not exceed:

1. $150 per day; nor

2. A total of $5000 per **insured person**.

*Retained Limit*
**Retained limits** vary by state. The **retained limit** that applies to this policy is determined by the state shown in the address in the Policy Declarations and the dollar amount shown below for that state.

\*\*\*

*Excess Liability Insurance – Personal Injury*
*Coverage XP*

Under **Excess Liability Insurance Personal Injury**, **we** will pay damages which an **insured person** becomes legally obligated to pay because of **personal injury**. **Personal injury** must arise from a covered **occurrence**.

**We** will not pay any punitive or exemplary damages, fines and penalties.

*Losses We Cover Under Excess Liability*
*Insurance Personal Injury*
**We** will cover an **occurrence** arising only out of:
1. Personal activities of an **insured person**.

2. A volunteer civic service which an **insured person** performs without pay, for a not-for profit corporation and which is not a function of that person's **business**.

Payment or reimbursement for reasonable expenses actually incurred by an **insured person** in connection with the volunteer civic service is not considered pay.

\*\*\*

***Exclusions- Losses We Do Not Cover Under***
***Excess Liability Insurance – Personal injury***
This coverage does not apply:

1. To **personal injury** arising out of any act or failure to act by any person in performing functions of that person's **business**.

2. To **personal injury** arising out of a **business** or **business property**.

3. To **personal injury** sustained by any person as a result of an **occurrence** directly or indirectly related to the employment of this person by any **insured person**.

4. To **personal injury** sustained by an **insured person**.

5. To **personal injury** when an **insured person** or that person's insurers may be held liable under any of the following laws:
    a) workers compensation;
    b) occupational disease;
    c) unemployment compensation;
    d) disability benefits; or
    e) any other similar law.

\*\*\*

7. To **personal injury** arising from any contract or agreement, whether written or oral.

8. To libel, slander or defamation of character if the first injurious publication or utterance of the same or similar material was made by an **insured person** prior to the effective date of this policy.

9. To **personal injury** arising from illegal discrimination.

\*\*\*

12. To **personal injury** intended by, or which may reasonably be expected to result from the intentional acts or omissions of, any **insured person**.  This exclusion applies even if:
    a) such **personal injury** is of a different kind or degree than that intended or reasonably expected; or
    b) such **personal injury** is sustained by a different person than intended or reasonably expected.

13. To **personal injury** arising out of, or which may reasonably be expected to result from, the criminal acts of any **insured person**.  This includes any **personal injury** arising out

of a violation of a penal law or ordinance committed by or with the consent or knowledge of an **insured person**. This exclusion applies even if:
    a)    such **personal injury** is of a different kind or degree than that intended or reasonably expected; or
    b)    such **personal injury** is sustained by a different person than intended or reasonably expected.

\*\*\*

*Limit Of Liability*
**Our** total liability under **Excess Liability Insurance – Personal injury** for damages arising out of one **occurrence** will not exceed the "each occurrence" limit shown on the Policy Declarations, regardless of the number of:
1.    **insured person**s;
2.    claims;
3.    claimants;
4.    injured persons; or
5.    policies involved.

The "Annual Aggregate Limit" for **Excess Liability Insurance – Personal injury** shown on the Policy Declarations is the most **we** will pay for all damages resulting from all **occurrences** that occur during the policy period regardless of when the amounts were paid.

*Amounts We Pay*
**We** will pay only that amount of damages which exceeds the sum of:
1.    the limits of liability of the underlying insurance which apply to the **occurrence**; plus

2.    the limits of any and all other liability insurance available to an **insured person** which apply to the **occurrence**.

If no other insurance is required or no other insurance applies to the **occurrence**, **we** will pay only those amounts which exceed the retained limit, up to the applicable limit of liability shown on the Policy Declarations for **Excess Liability Insurance – Personal injury** .

In no event shall **we** pay any amount above **our** limit of liability.

*When We Pay*
**We** will not begin to make payment for any damages resulting from an **occurrence** covered by this policy until **our** liability has been determined by:
1.    agreement between the claimant and **us**; or

2.    a final judgment against an **insured person**. Claim for

payment must be made within 12 months after determination of **our** liability.  If additional claims are filed due to the same **occurrence**, payment will be made within 30 days after the **insured person** gives us proper proof.

*Defense We Will Provide*
**We** will defend an **insured person** sued as the result of an **occurrence** covered by this policy.  **We** will not defend any **insured person** against any claim for punitive or exemplary damages.

When defense is provided by the insurer providing any other liability insurance, **we** do maintain the right to join in the defense of any claim or suit which may require us to pay.

**We** may be prevented from defending an **insured person**, in any country, due to laws or for other reasons.  In that event, **we** will pay any expense incurred, with **our** written consent, for the **insured person's** defense.

**We** may investigate and settle any claim or suit as **we** consider appropriate.

\*\*\*"

## IV.   DECLARATORY JUDGMENT ACTION

8.   A justiciable controversy exists between the parties hereto.  This controversy can be resolved by this Court through entry of its Judgment declaring the rights and liabilities of the parties alleged herein under the contracts of insurance alleged above.

9.   There is no occurrence under the policies as the acts alleged do not constitute a defined occurrence.

10.   The intentional acts exclusions in the policies apply to exclude coverage.

11.   The acts alleged are excluded from coverage as they constitute business activities and/or arise out of a business or business property under the policies. In the Homeowners policy the business exclusion states: **We** do not cover **bodily injury** or **property damage** arising out of the past or present business activities of an **insured person**." The word "business" is defined in pertinent part below:

    3.    **Business** means:
    a)    any full-or part-time activity of any kind engaged in for monetary or other compensation or the use of any part of any premises for such purposes.  The providing of home day care services to other than an **insured person** or relative of an **insured person** for monetary or other compensation is also a **business**.

The exclusion is similar under the Personal Umbrella Policy, where the two business exclusions state:

    2.    To any **occurrence** arising out of any act or failure to act by any person in performing functions of that person's **business**.

    3.    To any **occurrence** arising out of a **business** or **business** property.

The definition of "business" in the Personal Umbrella Policy is set forth below:

    2.    **Business** means:
    a)    any full or part time activity of any kind:
    1)    arising out of or relating to an occupation, trade or profession of an **insured person**; and
    2)    engaged in by an **insured person** for economic gain, including the use of any part of any premises for such purposes.  The providing of home day care services to other than an **insured person** or relative of an **insured person** for economic gain is a **business**.

For the personal injury coverage in the Umbrella Policy, the policy excludes personal injury arising out of a business or business property as shown below:

    *Exclusions- Losses We Do Not Cover Under*
    *Excess Liability Insurance – Personal injury*
    This coverage does not apply:
    1.    To **personal injury** arising out of any act or failure to act by any person in performing functions of that person's **business**.

    2.    To **personal injury** arising out of a **business** or **business property**.

The claims against Bell arise out of excluded business activities.

    12.    The claims alleged do not constitute defined "bodily injury" or "property damage."

    13.    The coverage grant in the Personal Umbrella Policy states that it only covers

an occurrence arising out of "Personal activities of an insured person." Accordingly, there is no coverage for the acts of Defendant Bell at ▓▓▓▓▓▓▓▓.

14. The Court should enter a Judgment wholly in favor of Allstate declaring, adjudicating, and decreeing that Allstate is not obligated to provide coverage or a defense to Defendant Jeffrey Bell for the claims alleged in the arbitration proceeding under the insurance policies.

15. Allstate also demands a trial by Jury.

WHEREFORE, Allstate prays for relief as follows:

1. For Judgment against Defendant declaring that the contracts of insurance issued by Allstate do not obligate Allstate to provide coverage, or defend, Defendant Jeffrey Bell for the claims made against him by Defendant ▓▓▓▓▓▓▓▓, Inc.

2. For Allstate's costs and such other and further relief as may be deemed just and equitable.

DATED this 21st day of November, 2016.

DOUGLAS FOLEY & ASSOCIATES, PLLC

BY /S/ DOUGLAS F. FOLEY
Douglas F. Foley, WSBA 13119
*Attorneys for Plaintiffs Allstate Property and Casualty Insurance Company and Allstate Indemnity Company*